IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBORAH HENSON,                             No. Civ. S-05-1099 FCD/KJM

       Plaintiff(s),                    AMENDED
                                            **ORDER REQUIRING JOINT**
v.                                          **STATUS REPORT**

BILL BIXBY, et al.,
       Defendant(s).
_____

      This action has been assigned to the Honorable Frank C. Damrell, Jr.  Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

      1.  Plaintiff(s) shall complete service of process on all parties within one hundred and twenty (120) days of the date of the filing of the complaint;

      2.  Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service.  Any party who impleads a third-party defendant shall serve upon that party a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service;

      3.  In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each of the other parties names in the complaint, and upon all parties subsequently joined, a copy of this order and shall file with the Clerk of the Court a certificate reflecting such service;

      4.  Within thirty (30) days after an answer is filed to the Third Amended Complaint or the Court issues an order on a Motion to Dismiss the Third Amended Complaint, as previously order on March 15, 2006, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the court a **joint status report** that includes the Rule 26(f) discovery plan.  **The parties are instructed to submit a Joint Status Report with all named parties participating in its completion.  If this cannot be accomplished plaintiff's counsel shall contact the undersigned for further instructions prior to the submission of any report.**  The status report shall address the following matters:

              (a)    a brief summary of the claims and legal theories under which recovery is sought or liability denied;

(b) status of service upon all defendants and cross-defendants;

(c) possible joinder of additional parties;

(d) contemplated amendments to the pleadings;

(e) the statutory basis for jurisdiction and venue;

(f) anticipated discovery and the scheduling of discovery, including:

 (1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

 (2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;

 (3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed; and

 (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);

 (5) proposed dates for discovery cut-off;

(g) contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard;

(h) proposed date for final pretrial conference;

(i) proposed date for trial, estimate of days of trial, and whether any party has demanded a jury;

(j) appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c);

(k) proposed modification of standard pretrial procedures because of the simplicity or complexity of the case;

(l) whether the case is related to any other case pending in this district, including the bankruptcy courts of this district;

    (m)    prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge; and

    (n)    any other matters that may be conducive to the just and expeditious disposition of the case.

5. The Court, upon review of the joint status report may:

    (a)    by minute order, set a status conference to be held either by telephone or in person; or

    (b)    issue a scheduling order incorporating the suggestions of counsel as contained in the joint status report.

6. In the rare event the parties are not able to file a joint status report, each party must file an individual status report <u>and attach a declaration setting forth, in detail, the circumstances that prevented the parties from filing a joint status report</u>.

7. If a status conference is held, a formal order will be issued regarding future proceedings in the case. Counsel are directed to read the order carefully. Requests to modify or vacate any date set forth in the order are not favored and will not be granted absent good cause.

8. All purely legal issues are to be resolved by timely pretrial motions. Motions shall be filed in accordance with L.R. 78-230(b). **The court places a page limit of twenty (20) pages on all initial moving papers. Opposition papers shall be filed in accordance with L.R. 78-230(c) and the court places a page limit of twenty (20) pages on oppositions, and a page limit of ten (10) pages for replies  All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion**. Any party that does not oppose the granting of the motion shall file a statement of non-opposition in accordance with L.R. 78-230(c). <u>The failure to file an opposition or statement of non-opposition in accordance with L.R. 78-230(c) may be deemed consent to the granting of the motion and the court may dispose of the motion summarily</u>. <u>Brydes v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).

9. Counsel are reminded of their continuing duty pursuant to L.R. 16-160 to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case.

Dated: April 26, 2006           /s/ Maureen A. Price
                                        Maureen A. Price
                                        Courtroom Deputy
                                        (916) 930-4163 fax (916) 491-3932
                                        e-mail: mprice@caed.uscourts.gov
                                        Proposed orders to: fcdorders@caed.uscourts.gov