UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEBORAH HENSON,

      Plaintiff,

    v.

LASSEN COUNTY, et al.,

      Defendants.

_____/

NO. CIV. 05-CV-1099-FCD-KJM

MEMORANDUM AND ORDER

----oo0oo----

    This matter comes before the court on defendants' motion to dismiss plaintiff Deborah Henson's fourteenth claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, defendants' motion to dismiss is DENIED.[1]

---

    [1]    Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

1

### BACKGROUND[2]

Plaintiff commenced employment with Lassen County Child Protective Services ("CPS") in May 2003.  (Fourth Am. Compl. ["FAC"], filed July 28, 2006, ¶¶ 34, 25-28, 30.)  After a myriad of alleged discriminatory and harassing incidents, plaintiff took a medical leave of absence in June 2004.  (See id. ¶ 88.) In November 2004, plaintiff received a letter from defendants notifying her that her health care premiums were overdue and her benefits would be discontinued effective September 2004.  (Id. ¶¶ 98-99)  One year later, in November 2005, plaintiff received a final termination letter from defendants.  (FAC ¶ 110.) Plaintiff requested benefits upon receipt of this letter, but defendants did not grant the request.  (Id. ¶¶ 111-12.)

On July 28, 2006, plaintiff filed her Fourth Amended Complaint seeking, inter alia, damages arising from the deprivation of health care benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").  On August 9, 2006, defendant filed a motion to dismiss plaintiff's claim for violation of COBRA.  Plaintiff opposes the motion.

### STANDARD

On a motion to dismiss, the allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded"

---

[2]    The facts of this case are set out in full in the court's prior Memorandum and Order adjudicating defendants' motion to dismiss plaintiff's third amended complaint, and thus, are not repeated herein.  (See Memorandum and Order, filed July 20, 2006, Docket #76.)  The facts set forth blow are only those relevant to defendants' present motion to dismiss.

allegations of the complaint.  <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  <u>See</u> <u>Id.</u>

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957); <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).  Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  <u>Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

## ANALYSIS

Defendants assert that plaintiff's fourteenth claim for relief for violation of COBRA benefits fails because plaintiff's election to continue these benefits expired.  (Defs.' Mot. to Dismiss Pl.'s Fourteenth Claim for Relief of Pl.'s Fourth Am. Compl., filed Aug. 9, 2006 ["Mot."] at 1:21-26 & 2:4-6.)

COBRA gives workers and their families who lose their health care benefits the right to choose to continue group health benefits provided by their health group provider for a limited

1    period of time.  Under COBRA, an employer is required to notify

2    an employee of the availability of COBRA benefits, and provide

3    these benefits to the employee upon the occurrence of a

4    "qualifying event."  29 U.S.C. § 1166.  Qualifying events include

5    the death of a covered employee, divorce or legal separation of

6    the covered employee from the employee's spouse, and termination

7    of the covered employee's employment.  29 U.S.C. § 1163.

8        The critical inquiry for the purposes of this motion is

9    whether and when a "qualifying event" occurred such that

10   defendants were obligated to notify plaintiff of her COBRA

11   benefits.  Plaintiff alleges that, by a letter dated November 18,

12   2005, her employment with Lassen County CPS was terminated

13   effective November 28, 2005.  (Fourth Am. Compl. ["FAC"], filed

14   July 28, 2006, ¶ 110.)  Plaintiff alleges that she never received

15   notice of the availability of COBRA benefits after this date.

16   However, defendants contend that plaintiff was terminated in or

17   about November 2004, when defendants informed plaintiff of the

18   cancellation of her health care benefits and her opportunity to

19   continue these benefits.  (Mot. at 2; See FAC ¶ 99.)  Defendants

20   argue that plaintiff was not entitled to COBRA benefits in 2005

21   after she received the termination letter because she was

22   notified in November 2004 of the termination of her benefits and

23   she had an opportunity to continue the benefits at that time.

24   Defendants contend that plaintiff elected not to continue her

25   benefits and as a result, she denied COBRA health care benefits.

26       The parties dispute plaintiff's actual termination date.

27   However, at this stage in the litigation, the court cannot

28   adjudicate the merits of this dispute.  On a motion to dismiss,

4

1  the court must accept plaintiff's allegations as true and draw
2  all reasonable inferences in favor of the plaintiff.  Plaintiff
3  alleges that her employment was terminated in November 2005, not
4  November 2004.  As such, the "qualifying event" for purposes of
5  COBRA did not occur until November 2005.  Therefore, plaintiff
6  was entitled to notice of the availability of COBRA benefits
7  after receipt of this termination letter.

8                              **CONCLUSION**

9       For the foregoing reasons, defendants' motion to dismiss
10 plaintiff's fourteenth claim for relief is DENIED.

11      IT IS SO ORDERED.

12 DATED: September 29, 2006.

13                              /s/ Frank C. Damrell Jr.
                                FRANK C. DAMRELL, Jr.
14                              UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5