IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBORAH HENSON,

    Plaintiff,                                            No. CIV S-05-1099 FCD KJM

    vs.

LASSEN COUNTY, et al.,

    Defendants.                                       <u>ORDER</u>

/

        Defendants' and plaintiff's discovery motions came on regularly for hearing June 6, 2007. Yosef Peretz appeared for plaintiff. Martha Springer appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

        1. Plaintiff's motion to compel electronic discovery is granted in part. Counsel shall consult with the electronic forensic expert and determine whether documents searched with the terms "Debbie," "Deborah," or "Henson" can be identified as documents that would be protected under California Welfare & Institutions Code § 827. If the documents can be so identified, then the electronic discovery may proceed. If the documents cannot be so identified, the parties are directed to contact courtroom deputy Matt Caspar no later than June 8, 2007 and the matter will be calendared for further hearing on June 13, 2007 at 10:00 a.m. In the event

1

1  there is further hearing on this matter, no later than June 8, 2007, the parties shall file with the
2  court only the following: one list each of the documents identified with and without a search of
3  the terms "Debbie," "Deborah," or "Henson."

4      2. Defendants' motion to compel is granted. Plaintiff shall submit to further
5  deposition of thirteen hours. No later than June 11, 2007, defendants shall provide to plaintiff a
6  revised list of specified documents requiring authentication. Plaintiff shall review all documents
7  identified in the authentication list prior to the deposition and shall respond to questions
8  regarding e-mails exchanged between her and Mr. Snitkin. No later than June 11, 2007, plaintiff
9  shall provide any documents supporting plaintiff's claim she had permission to take the
10 computer identified in requests for production of documents, nos. 3 and 4, and shall provide a
11 list of persons to whom plaintiff claims defamatory comments were published.

12     3. The parties are reminded that discovery disputes should first be resolved
13 through good faith meeting and conferring. L.R. 37-251(b). If no resolution can be reached, the
14 parties may bring the matter before this court. In this case, in the event of any future discovery
15 disputes, those disputes shall be summarized jointly by the parties in a letter brief not exceeding
16 four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met
17 and conferred personally or by phone, and must concisely summarize those remaining issues
18 counsel were unable to resolve. The letter brief may cite to limited and specific legal authority
19 only for resolution of the dispositive issues. The letter brief may not be accompanied by exhibits
20 or affidavits; any excerpt of disputed discovery material must be set out verbatim in the letter.
21 After receipt of the letter brief, the court will then advise the parties concerning whether
22 additional briefing or a telephonic conference will be necessary.
23 DATED: June 7, 2007.

U.S. MAGISTRATE JUDGE

006
henson3.oah